UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-11-15
```

BRUCE SWEEPER,

      Petitioner,

- against -

H. GRAHAM, Superintendent,
Auburn Correctional Facility

      Respondent.

OPINION & ORDER

14-CV-6346 (CM)(RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

  Petitioner Bruce Sweeper commenced this action on July 22, 2014. (Doc. No. 1) On January 20, 2015, Sweeper renewed a prior request for an "abeyance" of the instant proceedings in order to allow him to return to state court to exhaust certain claims so that he may amend his Petition to add those claims.[1] (Doc. No. 19) He informed the Court that he intended to appeal the decision on his N.Y. CPL. LAW § 440.20 motion in state court. (*Id.*) The Court directed Graham to respond to Sweeper's request. Graham filed a letter on February 12, 2015, opposing Sweeper's request for an abeyance arguing that: 1) a stay is not appropriate because the pending state claim is not a claim in the present petition, and 2) Sweeper did not include a copy of the proposed amended pleadings. (Doc. No. 22) Having reviewed the Parties' submissions, the Court finds that there is no basis for an amendment to the petition or a stay of the proceedings.

  A stay of proceedings should be available only in limited circumstances and is only appropriate when the court determines there was good cause for the petitioner's failure to exhaust his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court should

---

[1] The Court had originally denied Sweeper's motion because the record did not reflect a pending state motion and the Attorney General's Office had mistakenly reported that there was no pending motion. Sweeper, however, has attached to his renewed request a decision and order on a N.Y. CPL. Law § 440.20 motion dated November 25, 2014.

also deny a request for a stay where the petitioner's claims are plainly meritless *Id.* However, a court should stay proceedings when a petitioner 1) has good cause for failing to exhaust; 2) his unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

A habeas petitioner's motion to amend his habeas petition is governed by Federal Rule of Civil Procedure 15(a). *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); see also *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000). Where, as here, more than twenty-one days have passed since the Petition was filed, leave to amend is required. Fed.R.Civ.P. 15(a). Although leave to amend shall be "freely given," Fed.R.Civ.P. 15(a), "district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Littlejohn*, 271 F.3d at 363 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Because Sweeper does not have any claims pending in state court on the issues he has raised in the petition, a stay of the proceedings in this case would only be warranted were the Court to allow Sweeper to amend his petition and add the claim raised in his pending § 440.20 motion. Allowing an amendment and a stay at this late stage in the proceedings would constitute extraordinary relief. In determining whether this relief is warranted, the Court has considered the merits of Sweeper's pending state claim.

The § 440.20 motion at issue pertains to the legality of Sweeper's sentence. In the criminal proceedings underlying this action Sweeper pled guilty to robbery in the second degree and was adjudicated as a second violent felony offender based upon a statement of predicate violent felony conviction filed by the government. Sweeper argues that because this statement did not discuss tolling during any periods of incarceration, his sentence violates statutory

2

mandates and is invalid. Having reviewed the decision and order issued by the New York Supreme Court on Sweeper's motion, the Court finds that Sweeper's arguments are unpersuasive. His predicate violent felony conviction became final on December 20, 1989, and the offense underlying his petition was committed on August 8, 1996. Because the time period between the two convictions amounted to less than seven years - a period significantly shorter than the applicable ten-year limitations period - any periods of intervening incarceration were not relevant or necessary for Sweeper's adjudication as a predicate violent offender. Sweeper does not meet the *Rhines* test and there is no basis for a stay of this Petition.

**IT IS THEREFORE ORDERED** that Sweeper's renewed requests for a stay of the proceedings and leave to amend his petition are **DENIED**.

**SO ORDERED this 7th day of May 2015**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate